UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALENTINE AKPA,<br><br>　　　　　　Plaintiff,<br><br>-against-<br><br>ST. JOHN'S UNIVERSITY,<br><br>　　　　　　Defendant. | Index No. 16-5730 (FB) (SMG)<br><br>**ANSWER AND DEFENSES OF ST. JOHN'S UNIVERSITY** |

　　　　Defendant St. John's University ("Defendant"), by and through its attorneys, Littler Mendelson, P.C., hereby answers the Complaint ("Complaint") of Plaintiff Valentine Akpa ("Plaintiff"), as follows:

　　　　1.　　Denies the allegations in the first Paragraph of the preliminary statement of the Complaint. Denies the allegations in the second Paragraph of the preliminary statement, except admits that the United States Department of Education Office for Civil Rights ("OCR") issued a determination, the full contents of which speaks for itself. The allegations in the third Paragraph of the preliminary statement constitute legal conclusions to which no response is required. To the extent the allegations in the third Paragraph of the preliminary statement require a response, they are denied.

### Nature of the Action: Retaliation in Violation of Title VI of the Civil Rights Act of 1964 and Section 1981 of the Civil Rights Act of 1866

　　　　2.　　The allegations in Paragraph 1 of the Complaint constitute legal conclusions to which no response is required. To the extent the allegations in Paragraph 1 of the Complaint require a response, they are denied.

## Jurisdiction and Venue

3. The allegations in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required. To the extent the allegations in Paragraph 2 of the Complaint require a response, they are denied.

4. The allegations in Paragraph 3 of the Complaint constitute legal conclusions to which no response is required. To the extent the allegations in Paragraph 3 of the Complaint require a response, they are denied.

## The Parties

5. Admits the allegations set forth in Paragraph 5[1] of the Complaint.

6. Admits the allegations set forth in Paragraph 6 of the Complaint.

## Factual Allegations

7. Admits the allegations set forth in Paragraph 7 of the Complaint.

8. Denies the allegations set forth in Paragraph 8 of the Complaint, except admits that Plaintiff graduated with a 3.59 GPA from Defendant.

## Mr. Akpa Complains of Discrimination

9. Admits the allegations set forth in Paragraph 9 of the Complaint.

10. Denies the allegations set forth in Paragraph 10 of the Complaint.

11. Denies the allegations set forth in Paragraph 11 of the Complaint.

12. Denies the allegations set forth in Paragraph 12 of the Complaint.

13. Denies the allegations set forth in Paragraph 13 of the Complaint.

---

[1] There is no Paragraph 4 in the Complaint because of an apparent numbering error.

### Department Chair Paul Gaffney Retaliates Against Mr. Akpa

14. Denies the allegations set forth in Paragraph 14 of the Complaint, except admits that Plaintiff asked Professor Snyder to change his grade.

15. Denies the allegations set forth in Paragraph 15 of the Complaint.

16. Denies the allegations set forth in Paragraph 16 of the Complaint.

17. Denies the allegations set forth in Paragraph 17 of the Complaint. To the extent that the allegations purport to contain an excerpt of correspondence, the full contents of that document speak for itself.

18. Denies the allegations set forth in Paragraph 18 of the Complaint.

### The Office Of Civil Rights Finds that St. John's Retaliated Against Mr. Akpa

19. Denies the allegations set forth in Paragraph 19 of the Complaint, except admits that Plaintiff filed a complaint with OCR.

20. Denies the allegations set forth in Paragraph 20 of the Complaint. To the extent the allegations purport to contain an excerpt of correspondence, the full contents of that document speak for itself.

### First Cause of Action: Retaliation Under Title VI of the Civil Rights Act of 1964

21. Defendant repeats and re-alleges each and every response to the allegations in the Complaint as if fully set forth herein.

22. The allegations in Paragraph 22 of the Complaint constitute legal conclusions to which no response is required. To the extent the allegations in Paragraph 22 of the Complaint require a response, they are denied.

23. Denies that Plaintiff is entitled to any of the relief set forth in Paragraph 23 of the Complaint, or any relief whatsoever.

## Second Cause of Action:
## Retaliation Under the Civil Rights Act of 1866

24. Defendant repeats and re-alleges each and every response to the allegations in the Complaint as if fully set forth herein.

25. The allegations in Paragraph 25 of the Complaint constitute legal conclusions to which no response is required. To the extent the allegations in Paragraph 25 of the Complaint require a response, they are denied.

26. Denies that Plaintiff is entitled to any of the relief set forth in Paragraph 26 of the Complaint, or any relief whatsoever.

Defendant denies that Plaintiff is entitled to any of the relief set forth in the section beginning with WHEREFORE and to any other relief in this matter.

## GENERAL DENIAL

Any allegation not expressly admitted is denied.

## DEFENSES

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND DEFENSE

Upon information and belief, some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or other statutory or other provisions of law.

### THIRD DEFENSE

Upon information and belief, any action alleged that allegedly adversely affected Plaintiff was taken in good faith and for legitimate reasons and without evil motive, willfulness, malice or reckless indifference toward Plaintiff.

### FOURTH DEFENSE

Upon information and belief, Plaintiff has failed to mitigate any alleged damages, any entitlement to which is expressly denied.

### FIFTH DEFENSE

Upon information and belief, Plaintiff's claims should be dismissed, in whole or in part, because he is estopped as to such claims by his own actions, bad faith, laches and/or waiver.

### SIXTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### SEVENTH DEFENSE

Plaintiff's alleged injuries and/or damages, if any, were not caused by any act or omission of Defendant.

### EIGHTH DEFENSE

Title VI and Section 1981 apply to "intentional" claims, and Defendant did not discriminate or retaliate against Plaintiff, much less intentionally.

### NINTH DEFENSE

Defendant cannot be held vicariously liable under Title VI and Section 1981 for the alleged actions of individual actors and the individual actors did not discriminate or retaliate against Plaintiff.

## TENTH DEFENSE

In the alternative, Plaintiff failed to identify a specific policy or procedure that is the basis of his Title VI claim against Defendant.

## ELEVENTH DEFENSE

Plaintiff cannot establish "but for" causation for his retaliation claims under Title VI and Section 1981.

## TWELFTH DEFENSE

Without conceding in any way the allegations of the Complaint, at all times relevant to the facts herein, Defendant has maintained and enforced policies prohibiting discrimination and retaliation, has provided procedures through which students can notify it of violations and/or perceived violations of these policies, has properly investigated all complaints of discrimination and/retaliation, and has taken corrective action where appropriate.

## THIRTEENTH DEFENSE

All decisions made by Defendant were based solely on legitimate, non-discriminatory and non-retaliatory factors, wholly without regard to Plaintiff's alleged membership in any protected class or protected activity, and were made in good faith and in compliance with all applicable laws.

## FOURTEENTH DEFENSE

The Court lacks jurisdiction over Plaintiff's claims in whole or in part.

## FIFTEENTH DEFENSE

Defendant reserves the right to assert further defenses, should such further defenses become known to it during the litigation of this action.

**WHEREFORE**, Defendant St. John's University respectfully requests this Court to enter an Order: (a) dismissing the Complaint with prejudice; (b) awarding to Defendant its costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief as to the Court seems just and proper.

Date: December 14, 2016  
New York, New York

LITTLER MENDELSON, P.C.

By: /s Barbara A. Gross  
Barbara A. Gross  
Emily C. Haigh  
900 Third Avenue  
New York, NY  10022.3298  
212.583.9600  
bgross@littler.com  
ehaigh@littler.com

*Attorneys for Defendant*  
*St. John's University*